### CHAMPLIN *v.* CHAMPLIN, *et. al.*

---

A defendant cannot make his answer a mere demurrer or plea in bar, and thereby avoid answering fully. He may take the same ground of defence in an answer as by a demurrer or plea; but even where he does so (and where no plea or demurrer covers any part) he must answer the whole of the bill. This is a salutory rule and subject to very few exceptions.

---

Oct. 8th
1834.

Pleadings.
Exceptions.
Answer.

Exceptions had been taken to a joint answer for insufficiency, which were disallowed by the master—and they now came before the court on exceptions to his report.

The answer professed to be an answer to the whole bill, in so far as the defendants were advised it was material or necessary for them to make answer thereto; and not an answer, demurrer and plea to different parts of the bill. After admitting some matters as stated in the bill, it proceeded: " but these defendants object, by way of answer to the bill, as they are advised and believe and therefore submit to the court that the bill is wholly destitute of equity on its face, and they pray the same advantage of this objection as if the same were stated by way of formal demurrer." In like manner they objected to the bill for multifariousness,

even if it contained equity. And they further objected, in the same manner, that all proper and necessary parties were not before the court. The answer then set up new matter in defence—being certain acts done by the complainant, by which, as alleged, he had parted with his rights and equities; and the defendants then said that they were advised and submitted that the complainant was barred by his own acts of all equity to be relieved in the matter of his bill— and they claimed the like advantage of the objection in this behalf as if these matters had been set up by way of plea.

Mr. *Hay S. McKay*, in favor of the exceptions.

Mr. *H. W. Warner*, contra.

THE VICE-CHANCELLOR :—The defendants, by way of answer and without answering particularly the principal matters of the bill, have taken objections in the nature of a demurrer and set up new matter in the manner of a plea in bar.

By this means the defendants endeavour to avoid giving a full answer to the bill, although they submit to answer it; and upon the exceptions for insufficiency, the question is presented, whether a defendant can, by answer, protect himself from answering fully ?

This has been somewhat a vexed question ; and the early decisions upon the subject are very contradictory. The cases are collected in a note to *Sweet* v. *Young*, Ambl. 353, Blunt's ed. ; and, however fluctuating formerly, I think it may now be considered a settled rule that if a defendant submits to answer he must answer fully ; and cannot, except in very few cases, protect himself, by answer, from answering the whole bill. It has been so held repeatedly by Sir John Leach, V. C.: *Mazarredo* v. *Maitland*, 3 Mad. C. R. 70 ; ——— v. *Harrison*, 4 Ib. 252 ; *Thorpe* v. *Macauley*, 5 Ib. 231 ; *Ovey* v. *Leighton*, 2 Sim. & Stu. 234 ; and Chancellor Walworth has gone a great way towards establishing it in this court: *Cuyler* v. *Bogert*, 3 Paige's C. R. 186. The latest writers on pleading and practice in the English Chancery treat it as being now the rule of the court: Lubee 325 ; 1 Newland's

1834.

CHAMPLIN
v.
CHAMPLIN.

Ch. Pr. 3 ed. 257. The former states the rule as subject to exceptions only where the discovery might tend to criminate the party making it or render him liable to a penalty or forfeiture which has not been waived: *Curzon* v. *De la Zouch*, 1. Swanst. 192; *Parkhurst* v. *Lowten*, 1. Meriv. 391;—or where it might operate as a breach of professional confidence. It would seem, therefore, that in all other cases, if a defendant wishes to avoid the necessity of answering or to protect himself against being compelled to make a discovery, if there are grounds for it apparent on the face of the bill, he must demur—if there are not and he can deny some leading substantive allegation upon which the plaintiff's claim or title is made to rest or if he can bring forward some fact which will be a good bar to the discovery or relief or to any part of the discovery or relief which the bill seeks, then he may plead such denial (for a negative plea may be good) or such affirmative new matter in bar as the case will admit of; and if his plea or demurrer can be supported, he will be effectually protected from answering the whole or such parts of the bill as are covered by them. It may be that a defendant is uncertain whether a demurrer will lie or whether a plea would be effectual or the matter may be such as to render it difficult to put it forward in the shape of a formal and regular plea; and, therefore, he may wish to claim—as the defendants have done in the present case—the same benefit by an answer that he could have by a plea or demurrer. This he is at liberty to do; and he may state in his answer the grounds upon which he means to claim such benefit: but, at the same time, since he is driven to or is under the necessity of answering, he must answer fully the whole or such parts of the bill as he submits to answer. If the answer extend only to a part of the bill, then it must be a perfect answer to such part and the residue must be covered by a plea or demurrer in due form properly pleaded.

It is well understood that the system of equity pleading admits of an answer, plea and demurrer to the same bill: but then they must be to different parts of the bill—the pleader taking care to distinguish the parts to which each pleading applies. The whole of the bill must be met in some

1834.

CHAMPLIN
v.
CHAMPLIN.

form of pleading, either singly or by the several modes of defence combined: still, they must be regarded as distinct pleadings and each must be made to serve its proper office and purpose and be a perfect pleading in itself. Although a plea in many cases requires an answer to be made to some parts of the bill in order to render it effectual as a bar and by an answer, as before remarked, the defendant may claim to have the benefit of a demurrer or a plea, yet this is very far from confounding pleadings and certainly can give no right to substitute one for another: as for instance, an answer for a demurrer or a plea and to contain no more than such a form of pleading would require, if adopted. To allow of such a departure from the true course of pleading would be inconsistent with the principles upon which the system is founded. It would lead to difficulty in the practice of the court; and I am convinced it is a salutary rule, and which ought to admit of very few exceptions, that when a defendant answers and neither pleads nor demurs, he shall not, by his answer, protect himself from answering fully.

This rule appears to dispose of the question upon the present exceptions. It is not pretended that the defendants have answered those parts of the bill to which the exceptions relate; and as they have not raised the objection by a plea or demurrer in form, I think they must answer further.

The master's report, disallowing the exceptions to the answer, is therefore erroneous, and must be overruled, with costs.